**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH BASRA, | No. 19-35190 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06005-RBL |
| v. | |
| RICHARD MORGAN, DOC Acting Secretary; ROBERT HERZOG, Deputy Director; RON HAYNES, CBCC Superintendent; DORINDA WALL, CBCC Visit Sgt; LAURA ALLISON, CBCC Classification Counselor; MIKE OBENLAND, Supt of Monroe Correctional Complex; SGT. NICHOLAS, (FNU); SGT. HOWELL, (FNU); SGT. HEIMBIGNER; C/O NAME UNKNOWN; C. APLIN, C/O; R. DREYER, Sgt.; DONALD DUNCAN, Chaplain; BELINDA D. STEWART, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 11, 2022[]
San Francisco, California

Before:  LEAVY, FERNANDEZ, and SILVERMAN, Circuit Judges.

Washington prisoner Paramjit Singh Basra appeals pro se from the district court's grant of summary judgment to the defendants[1] in his action alleging that his equal protection[2] rights were violated by the denial of dairy food items he believes are required by his Sikh religion.  Reviewing de novo,[3] we affirm.

In order to avoid summary judgment on that claim, Basra had to do more than simply show that he was a member of a protected class and was treated differently from others similarly-situated; rather, he had to demonstrate a genuine dispute of material fact that any disparate treatment arising from the prison diet policy was not reasonably related to a legitimate penological interest.  *See Shakur*, 514 F.3d at 891.  The record supports the district court's conclusion that he failed to do so, and that as to Basra, the prison's policy of replacing a variety of diet plans

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Although Basra's action alleged various claims against a number of prison personnel, only his equal protection claim arising from the diet policy is at issue on appeal.  That claim was made against defendants Aplin, Dreyer, Duncan, Haynes, and Stewart.

[2] *See* U.S. Const. amend. XIV; 42 U.S.C. § 1983.

[3] *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008).

with one vegan diet was reasonably related to the prison's legitimate penological interest in an efficient and simplified meal service. *See id.*; *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993); *see also Turner v. Safley*, 482 U.S. 78, 89–91, 107 S. Ct. 2254, 2261–62, 96 L. Ed. 2d 64 (1987). Moreover, the standards applicable to statutory RLUIPA[4] claims do not apply to his equal protection constitutional claim. *See Shakur*, 514 F.3d at 888, 891; *see also Greene v. Solano Cnty. Jail*, 513 F.3d 982, 986 (9th Cir. 2008).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[4] Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc–2000cc-5 (RLUIPA).